**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Palmer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-08265-PCT-SPL<br><br>**ORDER** |

At issue is the denial of Plaintiff Patricia Palmer's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 21). Defendant SSA filed an Answering Brief (Doc. 26)[1], and Plaintiff filed a Reply (Doc. 27). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 20), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 13-23) for the reasons addressed herein.

**I.　Background**

Plaintiff filed Applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits on May 17, 2017, alleging a disability

---

[1] Subsequent to Plaintiff filing her Opening Brief, Defendant failed to file its Answering Brief by July 19, 2021, in accordance with LRCiv 16.1. On July 27, 2021, the Court Ordered Defendant to file its Answering Brief by July 30, 2021. (Doc. 22). The same day, Defendant filed a Motion for Extension of Time, requesting to have an additional 45 days, until September 2, 2021, to file its Answering Brief and the Court granted the Motion. (Docs. 23 and 24). Defendant again failed to file its Answering Brief. The Court filed a second Order on September 9, 2021, Ordering Defendant to file the Answering Brief by September 13, 2021. (Doc. 25). Defendant complied with that Order.

beginning on September 18, 2013.[2] (AR 13). Plaintiff's SSI Application was granted. (AR 54). Plaintiff's SSDI claim was initially denied on October 18, 2017, and upon reconsideration on January 4, 2018. (*Id*.) A hearing was held before ALJ Patricia A. Bucci on November 6, 2019. (*Id.* at 37-84). Plaintiff was 58 years old at the time of the hearing and held relevant previous employment as a bartender. (*Id.*) Plaintiff's Application was denied in a decision by the ALJ on December 16, 2019. (*Id*. at 23). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

Plaintiff's date of last insured for SSDI benefits was December 31, 2013. (AR 108, 312). Therefore, the relevant period encompasses only the period between September 18, 2013, Plaintiff's alleged disability onset date, and December 31, 2013. After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of obesity, fibromyalgia, and degenerative disc disease. (AR 17). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work, including prior work as a bartender, and thus was not disabled. (*Id.* at 22).

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinions of her physicians, in failing to give clear and convincing reasons to discount her subjective symptom testimony, and in ruling that *res judicata* precluded the consideration of evidence from Plaintiff's prior claim. (Doc. 21). The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 27). Plaintiff raises an additional issue for the first time in her Reply, that the ALJ failed to make a step two finding as to her headache impairment. (Doc. 26). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

///

---

[2] Plaintiff was previously found to not be disabled in a decision by an ALJ on September 17, 2013. Plaintiff appealed that decision to this Court and the decision was affirmed. Plaintiff's new alleged onset of disability date is one day after the date of the first decision.

- 2 -

## II. Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy

based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   Analysis

Plaintiff raises several issues, including one raised for the first time in her Reply. The Court will address all of them in turn.

####    A.   Medical Opinion Evidence

Plaintiff first argues that the ALJ committed harmful error when not assigning any weight to her treating physicians, stating that "as this is a pre-March 2017 claim, under 20 CFR § 416.927(c)(2) their opinions were entitled to great weight, indeed controlling weight." (Doc. 21 at 5). However, as Plaintiff concedes in her Reply, her Application was filed on May 17, 2017. (Doc. 27). Therefore, the regulations cited and arguments made by Plaintiff in her Opening Brief are obsolete.

Rather, as Plaintiff applied for disability benefits after March 27, 2017, the new set of regulations for evaluating evidence from medical providers applies to this case. These regulations eliminate the previous hierarchy of medical opinions, and the ALJ is not allowed to defer to or give specific weight to any medical opinions. *See* 20 C.F.R. § 416.920c. The new regulations for considering physician opinions states as follows:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 416.920c.[3]

The regulations require an ALJ to articulate how persuasive they find all the medical opinions and set forth specific "articulation requirements" for the ALJ's evaluation of the

---

[3] Other factors that may be considered by the ALJ in addition to supportability and consistency include the provider's relationship with the claimant, the length of the treatment relationship, frequency of examinations, purpose and extent of the treatment relationship, and the specialization of the provider. 20 C.F.R. § 416.920c.

medical opinion evidence. 20 C.F.R. §§ 404.1520c(b), 416.920(b). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions on appeal. However, what is clear is that the standards cited by Plaintiff are no longer in use.

Here, Plaintiff acknowledges in her Reply that her argument on this issue was mistaken and in error. (Doc. 27 at 6). Plaintiff does not make any other arguments related to the ALJ's consideration of her treating physicians' opinions, does not argue that they were improperly considered under the new regulations, and does not cite to the proper regulations. Therefore, the Court considers this issue to be waived.

### B.   *Res Judicata*

Plaintiff next argues that the ALJ erred in finding that *res judicata* precluded the consideration of medical records from Plaintiff's prior claim and abused her discretion in finding the medical records after the date of last insured were irrelevant. (Doc. 21 at 7-8).

While principles of *res judicata* ordinarily impose a presumption of non-disability absent a change of circumstances, *see Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995), the ALJ here found Plaintiff overcame the presumption by presenting new and material evidence and due to the amendments to the regulations. Thus, the ALJ concluded she was not bound by the prior ALJ's decision. (AR 19-21).

Plaintiff argues that the ALJ "could" have examined the prior medical evidence as the Commissioner's Hearings, Appeals, and Litigation Manual ("HALLEX") "allows" an ALJ to admit prior records. (Doc. 21 at 7-8). Plaintiff does not argue that the ALJ was required to consider this evidence. Moreover, Plaintiff's many citations to the HALLEX manual imply that this manual is somehow binding on the ALJ and on this Court. However, as the Ninth Circuit has made clear, the HALLEX manual is not binding on the Commissioner, but is simply an "internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members." *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). Consequently, the HALLEX manual "does not prescribe substantive rules and therefore does not carry the force and effect of law." *Id.*

Plaintiff has not established a legal basis for the Court to conclude that the ALJ improperly limited the medical records in this case. *Id.* ("As HALLEX does not have the force and effect of law, it is not binding on the Commissioner and we will not review allegations of noncompliance with the manual"); *citing Western Radio Services Co. v. Espy*, 79 F.3d 896, 900 (9th Cir.1996) ("we will not review allegations of noncompliance with an agency statement that is not binding on the agency"). Plaintiff has not established that the ALJ committed harmful error in determining to exclude her prior medical records.

As to Plaintiff's argument that her medical records from after her date of last insured "would not automatically be irrelevant," Plaintiff has provided no authority showing that it is harmful error for an ALJ to not consider this evidence and the Court knows of no such authority. In fact, Plaintiff provides no legal authority in this paragraph of her Brief. (Doc. 21 at 8). There is no basis for the Court to find that the ALJ committed any error let alone harmful error.

**C.    Consideration of Symptom Testimony**

Plaintiff next argues that the evidence the ALJ excluded would corroborate her subjective symptom testimony, and that the ALJ did not show by clear and convincing evidence that Plaintiff was not credible. (Doc. 21 at 12).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). In evaluating a claimant's pain testimony after a claimant produces objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains her decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir.

2015). "Throughout the five-step evaluation, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020).

Here, the Court has already ruled that the ALJ was within her discretion to decide to not consider the previous medical evidence. Therefore, Plaintiff's argument that the properly disregarded evidence would have corroborated her symptom testimony is without merit. As to the ALJ's determination that Plaintiff's symptom testimony was not completely consistent with the medical evidence of record, the ALJ properly considered evidence in the record to make this finding.

Plaintiff testified that she was unable to work because of back pain, carpal tunnel syndrome, and that she was unable to wear shoes because of feet swelling and neuropathy in her feet. (AR 58). Plaintiff also testified that her pain made it difficult to stand, walk, and sit. (*Id.* at 19). The ALJ discussed records from the relevant period where Plaintiff denied any swelling in her extremities. (*Id.* at 19, 463, 469). As to the Plaintiff's allegations of neuropathy in her feet, the ALJ discussed electromyogram nerve studies conducted in August 2014 showing negative results in bilateral upper and lower extremities. (*Id.* at 690). Moreover, the ALJ discussed physical examinations from the relevant period which were entirely unremarkable other than tenderness in the lower back and decreased range of motion. (*Id.* at 370, 469, 689). The ALJ noted that Plaintiff's lumbar x-rays showed mild spondylosis which could cause some pain and limitations, but not to the degree Plaintiff alleged. (*Id.* at 19, 689). Finally, the ALJ noted that there was no evidence in the record to support that Plaintiff often dropped things from her hands. (*Id.* at 19).

The ALJ properly concluded that the examinations in the medical record did not support Plaintiff's claims of disabling limitations, and therefore, properly found that her subjective symptom testimony was not entirely persuasive. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld"); *see also Batson v.*

*Comm'r of Soc. Sec.*, 359 F.3d 1190, 1190 (9th Cir. 2004) ("the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89.

### D. Issue Raised in Reply

In her Reply, Plaintiff choses to focus entirely on an issue not previously raised, that the ALJ erred in her step two finding when not considering the Plaintiff's headaches as a serious impairment. (Doc. 27). While Plaintiff discusses headaches in relation to her tonsillar ectopia, and that condition was mentioned in the Opening Brief, for the first time she cites to the legal standards required for the ALJ's step two finding and argues that the ALJ committed harmful error. *Id.* As the Commissioner was unable to respond to this argument because it is raised for the first time in the Reply, the Court will not consider it and deems the issue waived. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). And while the Court may, at its discretion, permit an exception to the ordinary waiver rule, *see U.S. v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992), Plaintiff has not requested one and the Court finds that it would prejudice Defendant. The Court will not consider this issue.

### IV. Conclusion

Plaintiff urges the Court to remand this matter for an award of benefits, arguing that the ALJ's opinion "does not require a great deal of analysis to refute, just a little bit of common sense." (Doc. 21 at 15). Not so. The Court must follow the legal standards to determine whether the ALJ's decision is based on substantial evidence. The Court finds that substantial evidence supports the ALJ's nondisability determination and that there is no basis to remand this matter. Therefore, the Court finds that the ALJ did not err in her decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

///

///

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 9th day of November, 2021.

Honorable Steven P. Logan
United States District Judge